UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRIS NIKOLOVSKI and CHRIS NIKOLOVSKI D.D.S, P.C., an Illinois corporation, individually and as the representatives of a class of similarly situated persons and entities,<br><br>    Plaintiffs,<br><br>v.<br><br>PRIME CAPITAL SOURCE, INC. and SCOTT DAVIDSON,<br><br>    Defendants | Case No. 1:18-cv-0385<br><br>Judge Mannish Shah<br><br>Jury Trial Demanded |

## STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and the Order of this Court, Plaintiffs CHRIS NIKOLOVSKI and CHRIS NIKOLOVSKI D.D.S, P.C., an Illinois corporation, individually and as the representatives of a class of similarly situated persons and entities ("Plaintiffs"), submit the following Initial Status Report.

**1.    NATURE OF THE CASE**

    **a.    Counsel of Record**

Lead Counsel for Plaintiffs is James C. Vlahakis of Sulaiman Law Group, Ltd. (Mr. Vlahakis contact information is: 2500 Highland Avenue Suite 200, Lombard, IL 60148, office number (630) 581-5456 and jvlahakis@sulaimanlaw.com.

Defendants have been served, but no attorney of record has filed an appearance. As discussed below, attorney Defendant Prime Capital Source, Inc. ("Prime Capital") has retained counsel, John M. Masnica, who is identified as the President and Owner of Tailored Legal. Mr.

Masnica's contact information is listed as 3555 4th Avenue, San Diego, CA 92103, mobile number 760-214-1004 and John@TailoredLegal.com.

For the reasons discussed below, counsel for Plaintiffs proposes that this Honorable Court enter and continue the July 24, 2018, in-court status date, or alternatively, hold it telephonically for both sides. As for the timing of a potential call, Mr. Masnica is located in California.

Service has been completed on both Defendants. Dkt. Nos. 8 and 9. As noted above, Prime Capital" has retained attorney John M. Masnica, who has communicated via telephone at least once and email with the undersigned attorney, on over a dozen occasions. Mr. Masnica has indicated that he is not a litigator, and wishes to defer retaining a local litigator until settlement discussions are exhausted. In an effort to resolve this matter, Mr. Masnica has described Prime Capital's financial situation, and his general belief that no insurance coverage exists. Settlement discussions are on-going and Mr. Masnica has provided insurance policies to the undersigned counsel on an on-going basis. Plaintiffs' counsel is familiar with insurance coverage and in particular TCPA based coverage and exclusions. No clearly identified TCPA exclusion has been identified in the aspects of the policies that have been provided as of the date of this filing. At the undersigned counsel's urging, Mr. Masnica has represented that the putative class action was tendered to Prime Capital's insurer (Hartford) on July 13, 2018. Unless insurance coverage exists, Plaintiffs anticipate settling this case on an individual basis.

While Plaintiff's counsel anticipates that this Court would prefer to have had counsel appear for Defendant by this juncture and for the parties to be at issue on the pleadings, Plaintiff's counsel is comfortable with the transparent dialogue that is ongoing with counsel for Defendant. For example, in addition to offering to provide financials, Mr. Masnica has state that Defendant Davidson, the purported author of the Subject facsimile, is a name for a fictitious employee.

b. **Basis for federal jurisdiction**

Federal jurisdiction exists pursuant to 28 U.S.C. §1331 and §1337 because this case has been filed pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C §227 *et seq.*, as amended by the Junk Fax Prevention Act of 2005, ("JFPA" or the "TCPA").

c. **Nature of the Claims Asserted**

The TCPA prohibits makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement" 47 U.S.C. §227(b)(1)(C). The proposed Class Action Complaint alleges that Defendants violated the TCPA by sending Plaintiffs and others an advertisement via facsimile without the express permission of Plaintiff and putative class members.

d. **Major Legal and Factual Issues**

1. **Whether the subject Facsimile was an "unsolicited advertisement"?**

The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. §227(a)(5). Plaintiffs contend that the Facsimile was an advertisement because it offered Plaintiffs "traditional working capital option," and specifically a "5 year term loan with monthly payment . . . ." The Facsimile end by urging the recipient to call a persons named Scott Davidson for further information: "You are prequalified . . . Call Now!"

2. **Whether the subject Facsimile was "unsolicited"?**

The subject Facsimile unsolicited because Plaintiffs did not ask to receive it and did not otherwise consent to receiving it.

3. **Whether the subject Facsimile was sent a part of a mass of facsimiles?**

Although the subject Facsimile was formatted to look like it was handwritten by Scott

3

Davidson, Scott Davidson is not a real person and in reality the nature of this stock/form advertisement plausibly suggests that it was sent as part of a mass transmission of facsimiles.

### 4. Whether a class should be certified?

A class should be certified if Prime Capital sent the same or similar unsolicited advertising facsimiles to putative class members and Defendant still maintains a database/contact list of persons who it routinely sent unsolicited advertising facsimiles and Defendant also maintains lists of successful facsimile transmission. The names, addresses and facsimile numbers will demonstrate ascertainability and the opportunity to provide class notice.

### e. Relief sought:

Section 227(b)(3) of TCPA provides a minimum of $500 for each violation of the Act, and for up to treble damages for knowing and willful violations. Plaintiffs, individually and on behalf of a putative class, seeks statutory damages of up to $1,500.00 per facsimile as provided under the TCPA, 47 U.S.C. §§ 227(b)(3)(B)&(C).

## 2. Mandatory Initial Discovery

### a. Mandatory Initial Discovery Pilot Program ("MIDPP")

Plaintiffs' counsel is familiar with the Court's MIDPP Standing Order.

### b. Compliance with MIDPP

Plaintiffs will comply with all MIDPP deadlines.

### c. Nature of any MIDP related disputes

There are no present disputes other than the fact that the MIDPP disclosure dates have not been triggered as a result no answer having been filed.

## 3. Pending Motions and Case Plan

### a. Pending Motions

There are no pending motions.

4

    **b.    Proposed Discovery Plan**

Plaintiffs anticipate that this case will settle on and individual basis without discover taking place. If this case does not settle and if insurance coverage is provided or reserved, Plaintiffs anticipate the need for both written and oral discovery on the manner in which Defendants obtained Plaintiffs' facsimile number in question, Defendant's policies and procedures relative to transmitting facsimiles to potential putative class members. For the sake of judicial economy, Plaintiffs propose that the Court should defer setting any discovery deadlines until such time as Plaintiffs or the parties inform this Court that they cannot resolve the case. Plaintiffs suggest setting this case sixty days out for a telephonic status to report to the Court.

**4.    Consent to Proceed Before a Magistrate Judge**

Given Defendants failure to appear, it does not seem appropriate for a referral.

**5.    Status of Settlement Discussions**

Counsel for the parties have engaged in settlement discussions, including, exchange and review of potentially applicable insurance policies.

Counsel for Plaintiffs believe that it will be possible to resolve this case without involving the Magistrate Judge.

A referral to the assigned magistrate is not requested at this time. Should a dispute arise between the insurer (Hartford), Plaintiffs will contact the Court for a referral.


Dated: July 20, 2018

*/s/ James C. Vlahakis*
James C. Vlahakis
Sulaiman Law Group, Ltd.
2500 Highland Avenue Suite 200
Lombard, IL 60148
(630) 581-5456
jvlahakis@sulaimanlaw.com

## Certificate of Service

I certify that I filed the above document with the Districts ECF filing system and further certify that I emailed a copy of this document to outside counsel for Defendant(s) listed below:

John M. Masnica,
c/o Tailored Legal.
3555 4th Avenue
San Diego, CA 92103
760-214-1004
John@TailoredLegal.com


Dated: July 20, 2018

*/s/ James C. Vlahakis*
James C. Vlahakis